**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

| | |
|---|---|
| IN RE:<br><br>**AMERICORE HOLDINGS, LLC,** *et al.*[1]<br><br>Debtors. | Chapter 11<br>Jointly administered<br><br>Case No. 19-61608 |
| ST. ALEXIUS HOSPITAL CORPORATION #1,<br><br>Plaintiff,<br><br>v.<br><br>**BRANDI GARDNER,**<br><br>Defendant. | Adversary No. 20-_____ |

**COMPLAINT FOR TURNOVER
AND BREACH OF CONTRACT**

St. Alexius Hospital Corporation #1 ("St. Alexius"), as a debtor (Case No. 19-61610) in the Chapter 11 cases being jointly administered under the lead case of *In re Americore Holdings, LLC* (St. Alexius, individually, the "Debtor" and collectively with the jointly administered cases, the "Debtors"), and by and through Carol L. Fox, the Chapter 11 Trustee ("Ms. Fox" or "Trustee"), files this Complaint against Brandi Gardner (the "Defendant"), stating as follows:

**JURISDICTION AND VENUE**

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Americore Holdings, LLC (0115); Americore Health, LLC (6554); Americore Health Enterprises, LLC (3887); Ellwood Medical Center, LLC (1900); Ellwood Medical Center Real Estate, LLC (8799); Ellwood Medical Center Operations, LLC (5283); Pineville Medical Center, LLC (9435); Izard County Medical Center, LLC (3388); Success Healthcare 2, LLC (8861); St. Alexius Properties, LLC (4610); and St. Alexius Hospital Corporation #1 (2766).

1

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). Further, pursuant to Local Rule 83.12, all matters arising under or arising in or related to cases arising under title 11 are referred to the Bankruptcy Court. *Amedisys, Inc., et al. v. Nat'l Century Fin. Enters., Inc. (In re Nat'l Century Fin. Enters., Inc.),* 423 F.3d 567, 573 (6th Cir. 2005) (district courts may refer title 11 cases and related cases to bankruptcy courts). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding. 28 U.S.C. § 157(b)(2).

2. Pursuant to Bankruptcy Rules 7008 and 9027(a) of the Federal Rules of Bankruptcy Procedure, the Debtor consents to entry of final orders by this Court in this adversary proceeding.

## PARTIES

3. The Debtor is a for-profit business corporation organized under the laws of Missouri and located in St. Louis, Missouri.

4. Upon information and belief, the Defendant is an individual and an Illinois resident.

## GENERAL BACKGROUND

5. On December 31, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under Chapter 11 of the Bankruptcy Code.[2]

6. On February 20, 2020 the Court entered an agreed order for the appointment of a Chapter 11 Trustee and directing the United States Trustee ("UST") to immediately appoint a Chapter 11 Trustee in the Debtors' jointly administered cases. (Doc. No. 258).

7. On February 21, 2020 the UST filed its Notice of Appointment of Ms. Fox as Chapter 11 Trustee (Doc. No. 260), and on February 24, 2020 Ms. Fox filed her Notice of Acceptance of the appointment as Trustee (Doc. No. 269).

8. The Trustee operated St. Alexius Hospital (the "Hospital"), located at 3933 S.

---

[2] All references to the "Bankruptcy Code" herein refer to Title 11 of the United States Code.

Broadway, St. Louis, Missouri. The Hospital offered an emergency department, intensive care unit, and radiology, cardiology, therapy, and psychiatric services as well as a senior care center. The Defendant previously worked at the Hospital.

9. On November 12, 2020, the Defendant signed a contract with the Hospital that provided a recruitment bonus (the "Bonus") in exchange for the Defendant's continued employment at the Hospital (the "Contract"). The Contract required the Defendant to fulfill 24 months of full-time employment at the Hospital in an eligible position in exchange for the recruitment bonus (the "Service Requirement"). A copy of the Contract is attached as **Exhibit A.**

10. The Contract provided that if the Defendant's employment was terminated for any reason (voluntary or for cause) or the Defendant was no longer in an eligible position or status before completing the Service Requirement, the Defendant is required to pay the Hospital, on a pro-rated basis, an amount equal to the remaining months in the Service Requirement.

11. On December 15, 2020, the Defendant received the Bonus totaling $30,000.

12. Effective January 19, 2021, the Defendant resigned from her full-time position at the Hospital, with approximately 23 months left in the Service Requirement.

13. Despite multiple demands, the unearned portion of the Bonus remains unpaid.

## COUNT I

### (Turnover of Property of the Estate – 11 U.S.C. § 542)

14. The Debtor incorporates the allegations in each of the prior paragraphs as if set forth fully herein.

15. Upon information and belief, the Defendant is in possession of the unearned portion of the Bonus.

16. The unearned portion of the Bonus is property of the estate pursuant to 11 U.S.C.

§ 541 of the Bankruptcy Code.

17.   The Debtor may use this property under 11 U.S.C. § 363 of the Bankruptcy Code.

18.   The Defendant is required to turn over the unearned portion of the Bonus to the Debtor pursuant to 11 U.S.C. § 542 of the Bankruptcy Code.

19.   Wherefore, the Debtor respectfully requests that this Court enter judgment in favor of the Debtor, and order the Defendant to return the unearned portion of the Bonus in the amount of $28,750 to the Debtor.

## COUNT II

### (Breach of Contract)

20.   The Debtor incorporates each of the prior paragraphs as if set forth fully herein.

21.   Under the terms of the Contract, the Defendant received the Bonus.

22.   Under the terms of the Contract, the Defendant was obligated to complete the Service Requirement to earn the full amount of the Bonus.

23.   Under the terms of the Contract, the Defendant was obligated to return the unearned portion of the Bonus if the Defendant failed to fulfill the Service Requirement.

24.   The Defendant breached the Contract by failing to complete the Service Requirement and by not returning the unearned portion of the Bonus equal to the remaining months left in the Service Requirement.

25.   The Debtor has been damaged by the Defendant's breach of the Contract, including but not limited to, the Defendant's failure to return the unearned portion of the Bonus.

26.   Wherefore, the Debtor respectfully requests that this Court enter judgment in favor of the Debtor, finding that the Defendant breached the Contract and awarding damages in the amount of $28,750, plus attorneys' fees and costs incurred by the Debtor in enforcing the provisions of the Contract.

Date: April 22, 2021

                */s/ Tiffany Payne Geyer*
                Tiffany Payne Geyer
                Fla. Bar. No. 421448
                **BakerHostetler, LLP**
                200 South Orange Ave.
                Suite 2300
                Orlando, FL 32801
                Tel. 407-649-4079
                Fax: 407-841-0168
                tpaynegeyer@bakerlaw.com

                *Counsel to Chapter 11 Trustee*

4844-8967-8310.1

# EXHIBIT A

# Recruitment Bonus Program

By signing this agreement, I, __Brandi Gardner__, acknowledge I have been provided a copy of HR Policy – Employment Awards, COVID 19 addendum and have read and understand the policy.

I understand that failure to fulfill my 24 month commitment in a full-time, eligible Clinical RN position will result in repayment to the facility on a pro-rated basis based on the number of months remaining.

_____     __11/12/2020__
Employee Signature                                    Date


_____
Human Resources Signature



**St. Alexius Hospital**

| DEPARTMENT:<br>Human Resources | POLICY TITLE:<br>Employment Awards |
|---|---|
| PAGE:<br>1 OF 3 | POLICY NUMBER:<br>HR 219 Addendum COVID 19 CARES Act |
| APPROVED BY:<br>Administration | APPROVAL/EFFECTIVE DATE:<br>10/2020 |
| EFFECTIVE DATE/REVISED DATE(S): 10/2020 ||
| Review Date: ||
| ☐ RETIRED DATE: ||
| ATTACHMENTS: Recruitment Bonus agreement ||

**PURPOSE**
Addendum to Employment Awards policy to establish guidelines for payment of monetary or in-kind awards to qualified candidates for hire of certain qualified candidates of established difficult to hire positions during the SARS-CoV-2 (coronavirus disease 2019; COVID-19) pandemic.

**POLICY**
St. Alexius Hospital will offer qualified selected external candidates a Recruitment Bonusfor certain difficult to fill posted job openings at St. Alexius Hospital.

**GENERAL**

**Recruitment Bonus:**

St. Alexius Hospital expends great effort and expense to recruit and retain employees. From time-to-time, the hospital designates certain difficult to fill positions for an Recruitment Award Program and establishes recruitment bonus program rules. In recognition of the extraordinary shortage of RN staffing and in efforts to recruit clinical RN during the COVID-19 pandemic, St. Alexius Hospital has decided to pay a one-time recruitment bonus. The COVID-19 Recruitment Bonus will be awarded to qualified selected Clinical RN candidates in the amount of $30,000.

1. Qualifications for an Recruitment Award:
    a. Full-time employees who have been offered and accepted an eligible difficult to fill Clinical RN position no later than November 19, 2020 and are able to start no later than December 15, 2020.
    b. Must not have been employed by St. Alexius Hospital within a 90-day period prior to November 19, 2020;
    c. A current employee who holds a different position other than the approved eligible position who accepts an offer for an eligible position is eligible to receive the recruitment bonus. For example: an employee who is currently a Patient Care Technician who received their Registered Nurse licensure and has been offered a full-time eligible position may be eligible, assuming the position is designated as being eligible to receive the recruitment bonus.
    d. A current PRN employee who accepts an offer for a full-time eligible position, who has not previously received an Recruitment Bonus at time of hire, is eligible to receive a recruitment bonus.

2. Payment: Payment of the COVID-19 recruitment bonus award will be made on December 15, 2020. Recruitment Bonus will be paid subject to all applicable withholding and deductions (including but not limited to, applicable Federal, State and City taxes). To be eligible to receive the bonus, an employee must have successfully cleared background checks and start employment prior to December 15, 2020.


St. Alexius Hospital

| DEPARTMENT: Human Resources | POLICY TITLE: Employment Awards |
|---|---|
| PAGE: 2 OF 3 | POLICY NUMBER: HR 219 Addendum COVID 19 CARES Act |
| APPROVED BY: Administration | APPROVAL/EFFECTIVE DATE: 10/2020 |
| EFFECTIVE DATE/REVISED DATE(S): 10/2020 ||
| Review Date: ||
| ☐ RETIRED DATE: ||
| ATTACHMENTS: Recruitment Bonus agreement ||

3. Terms of Employment: Upon satisfactorily completing the on-boarding process, the recipient of the recruitment bonus award is required to provide 24 months of service in an eligible position from the employee's date of hire.

   Employment is on an at-will basis, which means that either the employee or the company may terminate the employment relationship, with or without notice and with or without cause at any time. As used in this letter, the term "cause" shall include, but shall not be limited to, dishonesty, fraud, willful misconduct, self-dealing or violations of hospital Standards of Conduct, breach of fiduciary duty (whether or not involving personal profit), failure, neglect or refusal to perform your duties in any material respect, violation of law (except traffic violations or similar minor infractions), violation of the hospital's Human Resources or other Policies, or any material breach of this letter.

   **If the employment is terminated for any reason (voluntary or for cause) or the employee is no longer in an eligible position/status prior to successfully completing the 24 months of service as indicated in this policy, payment by the employee will be required to the hospital on a pro-rated basis based on the number of months remaining.**

4. Leave of Absence: An employee on Leave of Absence during the 24 months will extend their service requirement to the extent of the Leave of Absence time.

5. Legal Notifications:

   a. EMPLOYER'S RIGHT TO DAMAGES. In the event Employee breaches this Agreement, Employee shall be liable for all damages, court costs and reasonable attorney's fees incurred by the Employer in enforcing the provisions of the Agreement.

   b. WAIVER OF BREACH. The waiver by either Employer or Employee of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by either Employer or Employee.

   c. NOTICE. Any notice required or desired to be given under this Agreement must be in writing and may be affected by personal delivery or by certified or registered mail at the addresses listed below, or at such other addresses as either party may notify the other.

   If to the Employer to:  
   St. Alexius Hospital (and its successors)  
   3933 S. Broadway  
   St. Louis, MO 63118  

   If to the Employee to:  
   _____ (name)  
   c/o St. Alexius Hospital (and its successors)  
   3933 S. Broadway  
   St. Louis, MO 63118

 **St. Alexius Hospital**

| DEPARTMENT:<br>Human Resources | POLICY TITLE:<br>Employment Awards |
|---|---|
| PAGE:<br>3 OF 3 | POLICY NUMBER:<br>HR 219_Addendum COVID 19 CARES Act |
| APPROVED BY:<br>Administration | APPROVAL/EFFECTIVE DATE:<br>10/2020 |
| EFFECTIVE DATE/REVISED DATE(S): 10/2020 ||
| Review Date: ||
| ☐ RETIRED DATE: ||
| ATTACHMENTS: Recruitment Bonus agreement ||

    d. SEVERABILITY. The invalidity or unenforceability of any provision of this Agreement, or any terms thereof, shall no affect the validity of the Agreement as a whole, which shall at times remain in full force and effect.

    e. GOVERNING LAW. This Agreement shall be governed by and construed in accordance with laws of the State of Missouri without regard to the conflicts of law provisions thereof.

**PROCEDURES**

**Facility Human Resources**
1. Publish and promote any active Employment Award.
2. Designate positions, if any, that are considered difficult to fill and work with Facility Administration on determining award amounts.
3. Establish controls to administer the program effectively in the facility.
4. Maintain adequate records to avoid disputes.